Merritt-Chapman & Scott Corp. vs. Louis Caron, Jr. } W. C. A. No. 1209.

### January 27, 1932.

BAKER, J. Heard on petition to review a compensation agreement.

The testimony presented shows that the respondent suffered an injury to his back in the lumbar region on October 12, 1929, while engaged in work as a carpenter. Several series of X-ray photographs failed to show any fracture, dislocation or bone disease in the region of the injury. The petitioner has paid compensation in full at the rate of $16 per week up to October 24, 1931.

The petitioner now claims that the respondent has entirely recovered and asks that it be relieved from further payments. In support of its claim, it presented the testimony of an expert orthopedic surgeon of good standing, who testified that from an examination he could find nothing wrong.

The respondent produced two physicians, one of them an orthopedic surgeon of considerable experience, both

of whom testified that in their judgment the respondent was still suffering from the injury inflicted and that he had not entirely recovered. They both said that there was some limitation of motion in the back and that they had discerned, as late as the morning of the hearing, certain muscular spasms.

Both of these witnesses testified that in their judgment respondent was capable of doing some work of a light nature if it could be found. It also appeared in evidence that the respondent walked about more or less freely and that he drove an automobile with considerable frequency.

The physicians presented by the respondent gave it as their opinion that there had been a serious injury to the muscles and ligaments in the lumbar region and that there was a possibility that a condition of arthritis might be developing.

After carefully weighing the very conflicting testimony presented, the Court has come to the conclusion that the petitioner has not sustained the burden of proof in showing that the respondent has now entirely recovered from the effects of the injury.

In view of the very definite testimony, however, as given by the respondent's physicians, that there are certain types of work that respondent could do and that it would be a good thing if he could obtain a job, the Court is of the opinion that the testimony presents a case of a present existing partial disability.

After giving the matter careful thought, the Court finds that the petitioner should pay respondent, as fair and reasonable compensation for said partial disability, the sum of $10 per week, dating from October 24, 1931, until conditions change or until the further order of this Court.

For petitioner: R. T. Barnefield.

For respondent: Michael Pedro.